IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MENARD, INC.,

    Plaintiff & Counter-defendant,

v.

DALLAS AIRMOTIVE, INC.,

    Defendant & Counter-claimant,

and

TEXTRON AVIATION, INC.,

    Defendant.

ORDER

18-cv-844-wmc

---

The court held a final pretrial conference via Zoom on September 11, 2020, at which the parties appeared by counsel. During that hearing, the court ruled on reserved portions of motions *in limine* and directed the parties to file additional submissions as set forth below.

ORDER

IT IS ORDERED that:

1) Menards' MIL No. 1 to exclude evidence of DAI's business damages (dkt. #156) is now RESERVED. Menards may have until September 15, 2020, to brief whether DAI has sufficient evidence to go forward on its claim of economic damages. DAI may have until September 17, 2020, to respond.

2) Menards' MIL No. 2 to exclude evidence of DAI's reputational damages (dkt. #158) is DENIED.

3) Menards' MIL No. 6 to exclude evidence of $565,000 aircraft sale proposal to Menards (dkt. #163) is DENIED. On or before September 16, 2020, Menards may submit a curative instruction on the admission of the $565,000 aircraft sale proposal.

4) As for the reserved portion of Menards' MIL No. 9 to exclude undisclosed expert witness and associated hearsay reports (dkt. #166), the court continue to RESERVE ruling. DAI's proffer on DAI's experts' reliance on Zhou's findings is due on or before September 15, 2020; Menard's response is due September 17, 2020.

5) In light of Menards' position that it no longer opposed the admission of employee records, the court clarifies its ruling on Menards' MIL No. 10 to exclude DAI's late-produced personnel and training records (dkt. #167). This motion is now DENIED.

6) As for the reserved portion of DAI's MIL No. 5 to exclude DAI processes post-overhaul of the Menards' engines (dkt. #180), that portion now is DENIED. DAI, however, may provide the court with a curative instruction on the limited consideration of this evidence by September 16, 2020.

7) The reserved portions of DAI's MIL No. 6 to exclude damages other than actual damage to Menards' engines (dkt. #182), DAI's MIL No. 7 to exclude reference to public safety and safety of flight (dkt. #183) and DAI's MIL No. 9 to exclude claim for punitive damages (dkt. #261) remain RESERVED pending decision on whether Menards may pursue a punitive damages claim.

8) The reserved portion of Menards' motion to permit Pratt & Whitney witness Christopher Hughes to testify via videoconference (dkt. #174) is GRANTED.

9) DAI's motion to strike Hughes from Menards' trial list (dkt. #211) is DENIED.

10) On or before September 15, 2020, Menards and Textron should both provide a proposed, updated breach of contract claim instruction, including description of the contract terms themselves. The parties may respond to the other side's submissions by September 17, 2020.

11) Textron may have until September 15, 2020, to explain why the negligence claim should be dismissed. Menards may have until September 17, 2020, to respond.

12) Menards may have until September 15, 2020, to propose additional or amended language to the defamation instruction. DAI may have until September 17, 2020, to respond.

13) DAI may have until September 15, 2020, to propose additional or amended language for the abuse of privilege instruction. Menards may have until September 17, 2020, to respond.

14) Menards may have until September 15, 2020, to brief whether an abuse of privilege defense is available in the judicial immunity privilege context. DAI may have until September 17, 2020, to respond.

15) DAI may have until September 15, 2020, to brief whether its counterclaims fail as a matter of law if a jury finds in favor of Menards on the negligence claim. Menards may have until September 17, 2020, to respond.

16) DAI may have until September 15, 2020, to file revised expert narratives.

17) On or before September 15, 2020, the parties should file all expert reports if they have not done so already.

18) The parties should file any deposition designations by September 15, 2020, with objections and counter-designations due by September 17, 2020. If deposition designations are filed before September 15, 2020, objections and counter-designations are due two days thereafter.

19) The parties should file exhibit lists by September 15, 2020, with objections due by noon on September 17, 2020. Electronic copies of all contested exhibits should be provided to the court also by noon on September 17, 2020.

20) The court will hold follow-up Zoom conferences on September 17, 2020, at 2:00 p.m. and September 18, 2020, at 2:00 p.m.

21) The court will hold an in-person conference before the start of jury selection at 1:30 p.m. on Monday, September 21, 2020.

Entered this 11th day of September, 2020.

                        BY THE COURT:

                        /s/
                        _____
                        WILLIAM M. CONLEY
                        District Judge