IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MENARD, INC.,

    Plaintiff & Counter-defendant,

    v.

DALLAS AIRMOTIVE, INC.,

    Defendant & Counter-claimant,

and

TEXTRON AVIATION, INC.,

    Defendant.

ORDER

18-cv-844-wmc

---

This civil case is set for trial, with jury selection on August 27, 2021, and the remainder of the trial commencing on August 30, 2021. Plaintiff Menard, Inc. ("Menards"), asserts a negligence claim against defendant Dallas Airmotive, Inc. ("DAI"), and a breach of contract claim against defendant Textron Aviation, Inc. ("Textron"), both arising out of engine overhaul work on two of Menards' airplanes. In turn, defendant DAI asserts a counterclaim for defamation based on Menards' sending 119 letters to other businesses or individuals who own airplanes with similar engines. The court continued its final pretrial conference via Zoom, today, August 17, 2021. Now, with the benefit of additional briefing and argument from the parties, the court issues the following order, consistent with its oral rulings during the course of that conference, addressing reserved motions *in limine*, other motions, and remaining trial issues, as well as trial mechanics.

ORDER

IT IS ORDERED that:

1) Defendant DAI's motion in limine no. 5 (dkt. #180) is DENIED. In impeaching DAI's expert, plaintiff Menards may admit DAI's initial, sworn discovery response indicating it only began replacing all diffuser bolts in 2020. In turn, DAI may submit evidence that it changed its practices in 2018 or 2019.

2) Plaintiff Menard's motion in limine no. 13 (dkt. #303) is GRANTED IN PART AND DENIED IN PART. Defendant DAI's experts may testify about the Pratt & Whitney investigative reports to the extent disclosed in their respective expert reports. However, the reports themselves will not be admitted as exhibits based on an expert's reliance alone.

3) To the extent that defendant Textron is seeking dismissal of Menard's breach of contract claim against it (dkt. #315), that motion is DENIED. As explained, Textron's breach of contract claim is contingent upon a finding of negligence on the part of DAI, as reflected in the closing instructions and special verdict form. For that same reason, Textron will not be included in the allocation of fault in special verdict question because there is no negligence claim against Textron.

4) Defendant DAI's motion in limine to exclude punitive damages (dkt. #261) is RESERVED. The court will consider Menards' evidence in support of punitive damages presented during the course of the liability trial and as supplemented by any additional proffer while the jury deliberates on liability before deciding whether it may seek a punitive damage award against DAI.

5) The reserved portions of DAI's motions in limine nos. 5 and 6 (dkt. ##182, 183) are DENIED without prejudice to the court reconsidering these rulings should it allow a claim for punitive damages to proceed.

6) The parties' joint motion for miscellaneous pretrial relief (dkt. #328) is GRANTED. Michael Dean is added as a witness. Dean, Michael Tidey and Chris Hughes are all allowed to appear via videoconference. The court also granted Menards' oral motion to allow its witness Ron Ford to be recalled and again appear via videoconference during the damages phase. The parties promptly should contact the court's IT department through the clerk's office to facilitate the appearance of these and any other witnesses for which the court previously granted leave to appear via videoconference.

7) The parties may have until Friday, August 20, 2021, to submit any additional briefing on the judicial immunity privilege.

8) The parties are directed to meet and confer promptly on contested exhibits and on or before Friday, August 20, 2021, to provide the court with its updated list of contested exhibits.

9) To the extent that any party, and particularly defendant Textron has not provided copies of exhibits still in dispute, they are also directed to do so no later than Monday, August 23, 2001. Please refer to the court's jury trial procedures for pretrial submissions and the court's standing order governing electronic evidence, available in the court's preliminary pretrial packet in cases assigned to District Judge William M. Conley, available via hyperlink at dkt. #18.

10) The court will continue this conference to address objections to exhibits and deposition designations on Wednesday, August 25, 2021, at 8:30 a.m. via Zoom videoconference.

Entered this 18th day of August, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge