IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MENARD, INC.,

      Plaintiff & Counter-defendant,                ORDER

      v.

                                              18-cv-844-wmc

DALLAS AIRMOTIVE, INC.,

      Defendant & Counter-claimant,

and

TEXTRON AVIATION, INC.,

      Defendant.

Having reviewed the parties' deposition designations, counter-designations and objections to both, the court makes the following rulings as to witness Ian Cheyne. **The parties shall remove all objections and any other asides or discussions between counsel and/or with the court reporter, even where not noted by the court in its rulings.**  Moreover, Menards is required to choose whether to present this testimony as a statement of a party opponent or call Cheyne adversely in person.

**Ian Cheyne**

| Menard Initial Designation | DAI Objection | Deft Counter-Designation | Pltf objection | Ruling |
|---|---|---|---|---|
| 80:7 to 81:12 | Goes beyond what is permissible per court order regarding safety risks.[1] | | | Overruled |
| 89:1 to 89:22 | Only to 89:12-22. Falls within the barred | 81:13 to 81:25 | | Overruled |

---

[1] Object on the ground that the designated testimony concerns possible "safety" risks from broken bolts. This testimony and this designation violates court order Doc.#: 266 at pp. 28-29, DAI Motions in Limine Nos 6 and 7, which were GRANTED regarding Menard's negligence claims. This line of questions and answers is inflammatory and irrelevant. Testimony regarding safety risks would be irremediably prejudicial and improper to present to the jury.

| Menard Initial Designation | DAI Objection | Deft Counter-Designation | Pltf objection | Ruling |
|---|---|---|---|---|
| | category of evidence regarding non-existent "continuing duty"[2] | | | |
| 90:14 to 90: 23 | Falls within the barred category of evidence regarding non-existent "continuing duty"[3] | | | Overruled |
| 112:20 to 114:6 | Only to 113:20-114-1. Relevance, cumulative. Misleads jury on standard of care with no expert to support that theory of liability. Also asked and answered in other designation.[4]<br><br>114:2-6, 20 - Objected to during the deposition on the grounds that the same question was asked and answered at 111:13-18, which Menard has also designated | | | Overruled as to both |

---

[2] Object on the ground that the designated testimony concerning what DAI did with diffuser bolts in 2018 and 2019 violates this Court's order as the Court has found that DAI has no continuing duty to Menard. *See* Doc.# 266 at p. 27. Further, at the Pretrial Conference, the Court ruled that Menard could introduce evidence, if it exists, that DAI kept re-using the bolts in 2018 and 2019 based on a representations by Menard that such evidence exists. The court held that Menard could admit testimony ***only*** as to whether DAI did or did not start discarding bolts in 2019, prior to the PWC manual revision in May 2020.[2] The designated testimony goes well beyond that discrete area and now addresses how DAI implemented that decision, whether DAI carried out its decision in an adequate manner.  Further, this exact designation proves the opposite – DAI did in fact throw away bolts before the 2020 PWC manual revision. Finally, DAI's actions in 2018 and 2019 have no bearing on its liability for Menard's negligence claims for overhauls in 2011 and 2013.

[3] See FN 2.

[4] Object on the grounds that the designated testimony is irrelevant and cumulative of other designated testimony (i.e., 112:20-113:19). The objected-to designations are a series of questions regarding whether any other DAI form was completed, apart from those documents already discussed, as to recording completion of the bolt torqueing. This questioning would only be relevant if some other DAI form exists – but there is no such form and the witness does not say one exists. Further object on the ground that this designation runs afoul of Rule 403 because it is confusing and prejudicial. This testimony misleads the jury into thinking some other form should have or could have been completed, when in fact no other form exists. Finally, Menard has no expert on the standard of care with respect to what DAI should or should not have done in recording bolt torqueing. This testimony implies DAI should have done something more or different, and no expert testimony supports that incorrect theory..

2

| Menard Initial Designation | DAI Objection | Deft Counter-Designation | Pltf objection | Ruling |
|---|---|---|---|---|
| 114:10 to 114:18 | 114:11-115:1 - Relevance, cumulative. Misleads jury on standard of care with no expert to support that theory of liability.[5] | | | Overruled. |
| 114:25 to 115:1 | (continued 114:11-115:1) Relevance, cumulative. Misleads jury on standard of care with no expert to support that theory of liability.[6] | | | Overruled. |
| 126:25 127:22 | Only to 127:20-127:22. Asked and answered.[7] | | | Overruled. Also, include 127:23. |
| 128:2 to 128:24 | As to 128:1-13, asked and answered. As to 128:15-24,[8] relevancy of 2018-2019 changes.[9] | | | Overruled as to first objection; sustained as to second. |
| 148:22 to 150:4 | As to 149:8-16, prejudicial afoul of Rule 403.[10] As to 150:1-4, compound.[11] | | | Sustained as to first objection; overruled as to second. |
| 150:7 to 150:11 | Only to 150:9-11, misstates prior | 150:17-153:3 | | Overruled. |

[5] See FN 4.

[6] See FN 4.

[7] Object on the ground that the designated testimony is the same question that was asked and answered at 127:7-11, which Menard has also designated.

[8] See FN 7

[9] Object on the ground that this designated testimony is irrelevant. Whether there are changes to the PWC manual after the overhaul of Menard's engines in 2011 and 2013 tends to prove nothing to support Menard's theory of negligence relative to how DAI did its work years earlier. Further, this testimony runs afoul of Rule 403 because there is no evidence that any such change was ever made by PWC. This line of questioning is impermissibly prejudicial as it tends to suggest a fact that cannot be proven by any witness testifying in Menard's case.

[10] Object on the grounds that this designated testimony runs afoul of Rule 403 as it is prejudicial, argumentative and not a question by counsel or answer of the witness that even discusses the facts of this case. The question asked by Menard in this designated testimony is asked and answered in the ensuing designation by Menard starting on 149:17.

[11] Object on the ground that this designated testimony contains a compound question. This portion of the deposition asks two questions: 1) whether DAI has "careful [training] practices"; and 2) whether DAI "recorded fully" every task performed.

| Menard Initial Designation | DAI Objection | Deft Counter-Designation | Pltf objection | Ruling |
|---|---|---|---|---|
| | testimony.[12] | | | |
| 150:14 to 150:15 | Misstates prior testimony.[13] | | | Overruled. |
| 170:7 to 170:10 | Goes beyond what is permissible per court order regarding safety risks.[14] | | | Sustained unless DAI opens the door by arguing that the letter's statement about the engines posing a safety risk was false; reserved as to damages. |
| 170:12 to 171:2 | Goes beyond what is permissible per court order regarding safety risks.[15] | | | Sustained unless DAI opens the door by arguing that the letter's statement about the engines posing a safety risk was false; reserved as to damages. |
| 171:15 to 171:19 | Goes beyond what is permissible per court order regarding safety risks.[16] | | | Sustained unless DAI opens the door by arguing that the letter's |

---

[12] Object on the ground that this designated testimony misstates Cheyne's prior testimony regarding "certain kind of training" because Cheyne said not every task is called out in the training records throughout his testimony. The designated testimony would mislead the jury into thinking that DAI records every single training task that its employees participate in, which is factually inaccurate based on prior Cheyne testimony.

[13] See FN 12.

[14] See FN 1

[15] See FN 1

[16] See FN 1

| Menard Initial Designation | DAI Objection | Deft Counter-Designation | Pltf objection | Ruling |
|---|---|---|---|---|
| | | | | statement about the engines posing a safety risk was false; reserved as to damages. |
| 171:21 to 171:24 | Goes beyond what is permissible per court order regarding safety risks.[17] | | | Sustained unless DAI opens the door by arguing that the letter's statement about the engines posing a safety risk was false; reserved as to damages. |
| 174:6 to 174:12 | Goes beyond what is permissible per court order regarding safety risks.[18] | | | Overruled. |
| 175:6 to 176:5 | As to 175:6-11, goes beyond what is permissible per court order regarding safety risks.[19] As to 175:12-176:5, relevancy on comparative fault.[20] | | | As for first objection, sustained unless DAI opens the door by arguing that the letter's statement about the engines posing a safety risk was false; reserved as |

---

[17] See FN 1
[18] See FN 1
[19] See FN 1
[20] Object on the ground that this designated testimony is irrelevant because DAI is not asserting comparative fault of Menard at trial.

| Menard Initial Designation | DAI Objection | Deft Counter-Designation | Pltf objection | Ruling |
|---|---|---|---|---|
| | | | | to damages. As for the second objection, sustained. |
| 177:3 to 177:20 | Only as to 177:14-20. Relevancy, form, incomplete hypothetical.[21] | | | Overruled. |

Entered this 18th day of August, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

---

[21] Object on the ground that this designated testimony is irrelevant. This is an incomplete hypothetical posed to Cheyne in his capacity as a fact witness. The question asks Cheyne if someone overtorqued a bolt, whether that would be a concern to DAI. This questions improperly suggests overtorquing did occur. Whether the bolts were overtorqued is a line of questioning for the cross examination of Cheyne as an expert, which will occur during the DAI case in chief.